## *In re* RICE'S ESTATE.

1. CERTIORARI—APPEAL FROM PROBATE—TRIAL DE NOVO—RETURN TO WRIT.

   Allegations of a petition for the writ of certiorari that an appeal from probate was not heard and tried *de novo* are conclusively answered by the return disputing the allegations.

2. EXECUTORS AND ADMINISTRATORS — ESTATES OF DECEDENTS — CAUSE FOR REMOVAL.

   Failure of an executor, for two years, to account, coupled with his change of residence to another State, and withdrawal of funds of the estate from the jurisdiction, warrant his removal, which is not precluded by any estoppel arising from the fact that the party asking such removal knew he intended to leave the State, when she petitioned for his appointment.

3. SAME—APPOINTMENT—DISQUALIFICATION.

   An attorney for one of the persons interested in an estate as its sole creditor may properly be appointed executor.

Certiorari to Muskegon; Sessions, J. Submitted June 23, 1909. (Docket No. 62.) Decided July 15, 1909.

Emily G. Darby, a legatee, petitioned the probate court for the removal of Robert B. Rice as executor of the last will and testament of Robert Rice, deceased. The petition was granted, and said executor appealed to the circuit court. A judgment affirming the order of the probate court is reviewed by defendant on writ of certiorari. Affirmed.

*Nims, Hoyt, Erwin, Vanderwerp & Foote,* for appellants.

*Stephen H. Clink,* for appellee.

BROOKE, J. This is certiorari to review an order made by the circuit court for the county of Muskegon affirming

an order of the probate court removing Robert B. Rice as executor of the will of Robert Rice, deceased, and appointing Stephen H. Clink as administrator of the estate.

Robert Rice died November 23, 1904, leaving a will, whereby his estate was devised to his five children. Emily G. Darby, one of his children, petitioned the probate court for letters testamentary to be issued to her brother, Robert B. Rice. The will was probated in April, 1905. At that time Robert B. Rice had some business interests in Oregon, and spent part of his time there. Later, he removed his family to Oregon, and became a resident of that State. The estate was by him converted into cash, and the money resulting therefrom was withdrawn by the executor from the Muskegon bank and deposited in an Oregon bank, which failed shortly after such deposit was made.

It appears that Emily G. Darby, a widow, had resided with her father and mother for five years prior to the death of her father, and had taken such care of them as their age and infirmities demanded. The mother died about one year before the death of the father. Mrs. Darby filed a claim in the probate court for her services, which was allowed in March, 1906, at the sum of $3,-558.91. This claim, with interest, now amounts to about $4,000, the estate, to about $5,000. The executor has never filed an account in the probate court and has never paid the said claim or any part thereof. The learned circuit judge filed written findings of law and fact. He held that the order of the probate judge removing Robert B. Rice as executor and appointing Stephen H. Clink as administrator was properly made and should be affirmed.

Counsel for the executor urge four reasons for reversing the action of the court below, as follows:

(1) The circuit judge did not decide the case as upon a hearing and trial *de novo*, but decided it upon the question as to whether the probate court had the right and authority to remove the executor, and as to whether the

order of removal was rightfully made, and as to whether the appointment made by the probate court should be disturbed.

(2) No showing was made in the circuit court for the removal of the executor, as Mrs. Darby was estopped from asking for the removal on the ground of nonresidence.

(3) There was no other showing before the circuit court authorizing the executor's removal.

(4) If the executor should have been removed, some one other than Mrs. Darby's attorney should have been appointed.

The first contention is answered by the return to the writ wherein the learned circuit judge says:

"This respondent further returns that the judgment in this cause was made and entered by him upon the testimony and showing made upon the trial of the appeal of said matter on behalf of the petitioner Emily G. Darby, and that he did try said matter *de novo* and entered judgment accordingly."

We are of the opinion that the second ground is untenable. It is true that at the time the will was admitted to probate Robert B. Rice spent a part of his time in Oregon, but the record shows that he did not take up his residence there with his family until some time after he became executor. We think that his change of residence, coupled with the fact that the funds of the estate were by him withdrawn from the jurisdiction of the court, and the further fact that for more than two years he had failed to file with the probate court any account of his dealings with the estate, afforded ample ground for his removal as executor.

As to the third reason urged, we are of the opinion that no good reason is shown why the appointment of Stephen H. Clink should be disturbed. He is attorney for Emily G. Darby, who is entitled to somewhat more than four-fifths of the estate, nearly all of which belongs to her in her character as sole creditor of the estate. She being the one most largely beneficially interested, and the ap-

pointment of Clink being satisfactory to her, it should stand in the absence of other reasons militating against it.    See *In re Sprague's Estate*, 125 Mich. 357, 365 (84 N. W. 293), and cases cited in that opinion.

Judgment affirmed.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.